# Supreme Court of Florida

No. SC2024-0662

IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL
PROCEDURE 1.510 AND NEW FLORIDA RULE OF CIVIL
PROCEDURE 1.202.

December 5, 2024

PER CURIAM.

Earlier this year, the Court on its own motion amended Florida Rule of Civil Procedure 1.510 (Summary Judgment) and adopted new Florida Rule of Civil Procedure 1.202 (Conferral Prior to Filing Motions), both with an effective date of January 1, 2025, at 12:01 a.m.[1] *In re Amends. to Fla. Rule of Civ. Proc. 1.510 & New Fla. Rule of Civ. Proc. 1.202*, 386 So. 3d 117 (Fla. 2024). We amended rule 1.510 to tie the deadline to respond to a motion for summary judgment to the date of service of the motion rather than to the hearing date. New rule 1.202 requires parties to confer before filing

---

[1]. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

non-dispositive motions and to include a certificate of conferral with the motion. Because the amendments were not published before adoption, interested persons were given time to file comments with the Court. The Court is grateful for the commenters' insight and assistance.

After considering the comments and holding oral argument, the Court now further amends rules 1.510 and 1.202. The effective date remains January 1, 2025. This means that the provisions of amended rule 1.510 and new rule 1.202 will govern motions filed on or after the effective date, but will not apply to motions filed before that date.

By this opinion, we further amend rule 1.510 to provide that a motion for summary judgment must be filed and served "consistent with any court-ordered deadlines." And a response must be served "[n]o later than 40 days after service of the motion for summary judgment." Further, to ensure that parties and courts have time to prepare for summary judgment hearings, we amend rule 1.510 to specify that "[a]ny hearing on a motion for summary judgment must be set for a date at least 10 days after the deadline for serving a

response, unless the parties stipulate or the court orders otherwise."

For rule 1.202, the Court expands the motions that are exempt from the duty to confer, listing the exempt motions in a separate subdivision. We also add a sentence to provide that the rule's requirements do not apply when the movant or the nonmovant is unrepresented. In the required certificate of conferral form, the Court adds an option for certifying that conferral is not required under the rule. Finally, we amend rule 1.202 to explain that the failure to comply with the rule's conferral requirements "may result in an appropriate sanction, including denial of a motion without prejudice" and that the "purposeful evasion" of conferral communication "may result in an appropriate sanction."

The Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is underscored; deletions are in struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m. Again, we note that the provisions of amended rule 1.510 and new rule 1.202 will govern motions filed on or after the effective date, but will not apply to motions filed before that date.

Rehearing does not affect the effective date.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Florida Rules of Civil Procedure

S. Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, Florida; Honorable Howard M. Maltz, Seventh Judicial Circuit Court of Florida, St. Augustine, Florida; Russell Landy of Damian Valori Culmo, on behalf of the Business Law Section of The Florida Bar, Miami, Florida; Cosme Caballero, Chair, Civil Procedure Rules Committee, Miami, Florida, Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida; David M. Caldevilla of de la Parte, Gilbert, McNamara & Caldevilla, P.A., Tampa, Florida; Steven P. Combs of Combs Greene, P.A., Jacksonville, Florida; Dan Cytryn of Law Offices Cytryn & Velazquez, P.A., Coral Springs, Florida; Kenneth B. Schurr of Law Offices of Kenneth B. Schurr, P.A., Coral Gables, Florida; Honorable Paul L. Huey, Thirteenth Judicial Circuit Court of Florida, Tampa, Florida; Kimberly Kanoff Berman of Marshall Dennehey, P.C., Fort Lauderdale, Florida; Marissa M. Yaker of American Institute of Servicing and Legal Executives, Tallahassee, Florida; William T. Cotterall of Florida Justice Association, Tallahassee, Florida, Peter Hunt of Rubenstein Law, P.A., Miami, Florida, John Mills of Bishop & Mills, PLLC, Jacksonville, Florida, Henry L. Perry of Perry & Young, Panama City, Florida, Herman J. Russomanno of Russomanno & Borello, P.A., Miami, Florida, and Laurie J. Briggs of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, Florida; Jeffrey S. Hittleman of Coast to Coast Legal Aid of South Florida, Inc., on behalf of Florida Housing Umbrella Group, Plantation, Florida, and Kevin S. Rabin of Three Rivers Legal Services, Inc., on behalf of Florida Housing Umbrella Group, Gainesville, Florida; and Maegen Peek Luka of Newsome Melton, Orlando, Florida,

Responding with comments

# APPENDIX

## RULE 1.202.   CONFERRAL PRIOR TO FILING MOTIONS

**(a)   Duty.** Before filing a <u>non-dispositive </u>motion~~, except for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action~~, the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion.

**(b)   Certificate of Conferral.** ~~When conferral is required,~~<u>At the end of the motion and above the signature block,</u> the movant must ~~file with the motion~~<u>include</u> a certificate of conferral ~~that must be~~<u>in</u> substantially ~~in ~~the following form:

"I certify that prior to filing this motion, I discussed the relief requested in this motion by [method of communication and date] with the opposing party and [the opposing party (agrees or disagrees) on the resolution of all or part of the motion] OR [the opposing party did not respond (describing with particularity all of the efforts undertaken to accomplish dialogue with the opposing party prior to filing the motion)]."

<u>OR</u>

<u>"I certify that conferral prior to filing is not required under rule 1.202."</u>

**(c)   Applicability; Exemptions.** <u>The requirements of this rule do not apply when the movant or the nonmovant is unrepresented by counsel (pro se).  Conferral is not required prior to filing the following motions:</u>

<u>(1)   for time to extend service of initial process;</u>

<u>(2)   for default;</u>

(3)    for injunctive relief;

(4)    for judgment on the pleadings;

(5)    for summary judgment;

(6)    to dismiss for failure to state a claim on which relief can be granted;

(7)    to permit maintenance of a class action;

(8)    to involuntarily dismiss an action;

(9)    to dismiss for failure to prosecute;

(10)   for directed verdict and motions filed under rule 1.530;

(11)   for garnishment, attachment, or other motions for enforcement of a judgment under rule 1.570;

(12)   for writ of possession under rule 1.580;

(13)   filed in actions proceeding under section 51.011, Florida Statutes; and

(14)   that do not require notice to the other party under statute or rule.

**(d)    Sanctions.** Failure to comply with the requirements of this rule may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of communication under this rule may result in an appropriate sanction.

## RULE 1.510.    SUMMARY JUDGMENT

**(a)**    [No Change]

**(b)    Time to File a Motion.** A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. The movant must <u>file and</u> serve the motion for summary judgment consistent with ~~the deadlines specified in the case management order~~<u>any court-ordered deadlines</u>.

**(c)    Procedures.**

(1)-(4)    [No Change]

(5)    *Timing for Supporting Factual Positions.* At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. No later than ~~60~~<u>40</u> days after service of the motion for summary judgment, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above.

<u>(6)    *Timing for Hearing.* Any hearing on a motion for summary judgment must be set for a date at least 10 days after the deadline for serving a response, unless the parties stipulate or the court orders otherwise.</u>

**(d)-(h)**    [No Change]

## Court Notes

[No Change]

## Committee Notes

[No Change]

## Authors' Comment

[No Change]